## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ROBERT B. TRACY                         )
                                        )
        Plaintiff,                      )
                                        )        Civil Action No. 1:15-cv-00655 (RDM)
        v.                              )
                                        )
U.S. DEPARTMENT OF JUSTICE              )
                                        )
        Defendant.                      )
_____)

### REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS
### MOTION FOR SUMMARY JUDGMENT

Plaintiff commenced this action pro se on April 28, 2015, pursuant to the Privacy Act of 1974 ("PA"), 5 U.S.C. § 552a (2012), and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), seeking access to his "full FBI file" that might be maintained by the Federal Bureau of Investigation ("FBI"), a component of the United States Department of Justice ("DOJ").  Docket No. 1.  Defendant moved for summary judgment on September 2, 2015, submitting that no genuine issue of material fact exists and asking that its motion for summary judgment be granted pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Docket No. 9. On September 8, 2015, plaintiff responded to defendant's Motion for Summary Judgment and filed a Cross Motion for Summary Judgment.  Docket Nos. 10, 11.  In plaintiff's Cross Motion for Summary Judgment, plaintiff moves for summary judgment and asks the court for an award of litigation costs along with any other relief that the Court deems appropriate.

The Court should deny plaintiff's Cross Motion for Summary Judgment because he has failed to demonstrate that he is entitled to judgment as a matter of law.

## ARGUMENT

The Court should deny plaintiff's Cross Motion for Summary Judgment because he has failed to demonstrate that he is entitled to judgment as a matter of law.

Plaintiff argues in his Cross Motion For Summary Judgment that the FBI must have more records responsive to plaintiff's request because "[p]laintiff has (75) minutes of phone calls . . . placed to the defendant" and "(3) in person interviews at the FBI Las Vegas Field Office." However, defendant's alleged "'failure to turn up . . . particular document[s], or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records.'" *DiBacco v. U.S. Army*, 795 F.3d 178, 191 (D.C. Cir. 2015) (quoting *Wilber v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004) (per curiam)); *see also, e.g.*, *Petrucelli v. DOJ*, 51 F.Supp.3d 142, 160 (D.D.C. 2014) (same); *Paxson v. DOJ*, 41 F. Supp. 3d 55, 59 (D.D.C. 2014) (same).  The fundamental question is not "'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'"  *Steinberg v. DOJ*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); *see also, e.g., ACLU of S. Cal. v. USCIS*, No. 13-cv-861, 2015 WL 5726667, at *7 (D.D.C. Sept. 30, 2015) (same); *Francis v. Fed. Hous. Fin. Agency*, No. 14-cv-1628, 2015 WL 5776095, at *3 (D.D.C. Sept. 30, 2015) (same); *Ryan v. FBI*, No. 14-cv-1422, 2015 WL 4181033, at *3 (July 10, 2015) (same); *Ellis v. DOJ*, No. 13-2056, 2015 WL 3855587, at *3 (D.D.C. June 22, 2014) (same).

Here, as discussed in more detail in defendant's Memorandum in Support of Defendant's Motion for Summary Judgment, the FBI twice searched the location where any responsive information would reasonably likely be located, (Hardy Decl. ¶ 22, 24), by methods which would be reasonably likely to capture all potentially responsive records, (*Id*. ¶ 25), using search terms

which would be reasonably likely to locate all records responsive to plaintiff's request (*Id.* ¶ 22). In addition to these efforts, despite not being specifically requested by plaintiff, the FBI searched for both main and cross-reference files.  (*Id.* ¶ 20.)  The FBI even searched the Las Vegas Field Office to see if documents responsive to certain portions of plaintiff's request would exist, despite the fact that the searches it would normally use for such a request yielded no records. (*Id.* ¶ 23).  The FBI's search efforts were reasonably calculated to uncover all documents responsive to plaintiff's request, and the FBI even went above and beyond what would constitute a reasonable search.

Finally, to the extent that plaintiff is arguing in his Cross Motion For Summary Judgment that the FBI did not use plaintiff's preferred search terms while conducting its search, making use of plaintiff's preferred search terms is not what is required of agencies conducting searches in response to FOIA requests.  *See Dibacco*, 795 F.3d at 191 (holding that defendant's "burden was to show that its search efforts were reasonable and logically organized to uncover relevant documents; it need not knock down every single search design advanced by every requester"). "Adequacy – not perfection – is the standard that FOIA sets."  *Id.*  Additionally, agencies "have discretion in crafting a list of search terms that 'they believe to be reasonably tailored to uncover documents responsive to the FOIA request.'"  *Liberation Newspaper v. U.S. Dept. of State*, 80 F. Supp. 3d 137, 146 (D.D.C. 2015) (quoting *Physicians for Human Rights v. DOD*, 675 F. Supp. 2d 149, 164 (D.D.C. 2009)); *see also Westmoreland v. FBI*, No. 13-2058, 2015 WL 5063181, at *4 (D.D.C. 2015) (finding that FBI's search of CRS using variations of plaintiff's name as search terms was adequate); *Georgacarakos v. FBI*, 908 F. Supp. 2d 176, 181-82 (D.D.C. 2012) (holding that the FBI's search for records using variations of plaintiff's name as search terms was adequate).

Here, as discussed in more detail in defendant's Memorandum in Support of Defendant's Motion for Summary Judgment, Docket No. 9, as search terms, the FBI used plaintiff's name variations "Tracy, Robert B." and "Tracy, Robert."  (Hardy Decl. ¶ 22.)  The FBI indexes information in the CRS by individual names, organizations, and events.  (*Id*. ¶ 16.)  The FBI indexes information considered relevant and necessary for future retrieval, in a manner which allows FBI personnel to reasonably and adequately locate pertinent files in their law enforcement duties.  (*Id*. ¶ 15, 16.)  Plaintiff's request was for his "full FBI file," to include specific visits and one telephone call.  (*Id*. ¶ 5 & Ex. A.)  Because the CRS is indexed by individual names, organizations and events, the FBI's search terms were designed to locate any records responsive to plaintiff's request and would in fact have located any responsive records.[1]

---

[1] As a general matter, defendant strongly disagrees with plaintiff's assertion that defendant has been unhelpful toward plaintiff at any time during this process.  As demonstrated above, and in defendant's Memorandum in Support of Defendant's Motion for Summary Judgment, the FBI went above and beyond what is legally required for a reasonable search.  Despite plaintiff's claims that he "attempted to confirm the four page release received was what the Defendant had sent" by "contact[ing] Attorney's for the defendant via electronic mail . . . on July 30, 2015," but "no written response was received," Docket Entry No. 1, p. 4, defendant's attorney did in fact contact plaintiff by telephone on July 31, 2015, to confirm that the FBI had sent plaintiff four pages in response to plaintiff's request.  While plaintiff asserts that this situation is "mysterious[]," and that there is "unlawful activity . . . emanating from some rogue individuals or entities within the United States Federal Government," that is simply not the case in this FOIA situation.  While that might make for a more interesting summary of events, here, the FBI thoroughly answered plaintiff's request and, again, went above and beyond what is legally required in response to plaintiff's request.

## Conclusion

For all the foregoing reasons, and for the reasons included in defendant's Memorandum in Support of Defendant's Motion for Summary Judgment, this Court should GRANT defendant's Motion for Summary Judgment and DENY plaintiff's Cross Motion for Summary Judgment.

Respectfully submitted,

VINCENT H. COHEN, JR.
D.C. Bar No. 471489
Acting United States Attorney
For the District of Columbia

DANIEL F. VAN HORN
D.C. Bar No. 924092
Chief, Civil Division

Dated:  October 16, 2015          By:   _____/s/_____
                                        CHRISTINA D. TROIANI
                                        Attorney-Advisor
                                        ANDREW D. FIORILLO
                                        Attorney-Advisor
                                        Office of Information Policy
                                        United States Department of Justice
                                        1425 New York Ave., NW, Suite 11050
                                        Washington, DC  20530
                                        (202) 514-3642

                                        *Attorneys for Defendant*